NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO GUEVARA VALENCIA; MILKA GUEVARA MAJANO,<br><br>     Petitioners,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 24-1867<br><br>Agency Nos.<br>A220-602-182<br>A220-602-184<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.***

   Alejandro Guevara-Valencia and his minor daughter, natives and citizens of

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   ***   The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

El Salvador, petition for review of the Board of Immigration Appeals ("BIA") decision. Guevara's daughter is a derivative beneficiary on his asylum application. The BIA affirmed an immigration judge ("IJ") order denying Guevara's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review the BIA's factual determinations for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review questions of law de novo. *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Guevara argues the BIA erred by applying clear error instead of de novo review in deciding whether the factual record demonstrated past persecution. Pursuant to 8 C.F.R. § 1003.1(d)(3), the BIA reviews the IJ's underlying factual findings for clear error but must review de novo questions of law. *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023). Here, the BIA applied the proper standard of review. The BIA first adopted the IJ's factual determinations under the "clear error" standard, before it went on state the basis of its agreement with the IJ's legal analysis: that Guevara's "experiences . . . do not rise to the level of persecution even when considered cumulatively." There is no indication that the BIA erred in

its review of this legal determination.

2.     Substantial evidence supports the BIA's denial of asylum and withholding of removal.   To obtain asylum, petitioners must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)).  For withholding of removal, petitioners must show a "clear probability" of persecution "because of" the same protected grounds.  *Id.* (citation omitted); 8 U.S.C. § 1231(b)(3)(A).  Absent a presumption of well-founded fear based on past persecution, petitioners must demonstrate both a "subjectively genuine and objectively reasonable" fear of future persecution.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation omitted).

In this case, substantial evidence supports the BIA's determination that Guevara demonstrated neither past persecution nor an objectively reasonable fear of future persecution.  Guevara neither experienced physical violence in El Salvador after witnessing two suspected gang members running away from a murder scene, nor received any threats—direct or indirect—tied to witnessing this crime.  And the interactions that Guevara and his wife had with three individuals following this incident, do not constitute persecution because they do not rise to the level of threats "so menacing as to cause significant actual suffering or harm."  *See Lim v. I.N.S.*,

224 F.3d 929, 936 (9th Cir. 2000) (quotations omitted); *Sharma*, 9 F.4th at 1064 ("[G]enerally anonymous and vague [threats], such as warning [petitioner] of 'big trouble' . . . did not cause 'significant actual suffering or harm.'") (quoting *Lim*, 224 F.3d at 936).[1] Because of their ambiguous nature, these interactions also do not support either the objectively reasonable fear of future persecution required for asylum or the "clear probability" of persecution required for withholding of removal. *See Sharma*, 9 F.4th at 1066.

Further, substantial evidence supports the BIA's determination that Guevara failed to establish the required nexus to a protected ground. Guevara testified that the individuals who asked him for rides were not the same individuals who he witnessed flee from the scene of a murder. This testimony supports the agency's determination that these individuals' actions were not motivated by protected grounds. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

3. Substantial evidence also supports the BIA's denial of CAT relief. "To qualify for CAT protection, a petitioner must show . . . it is more likely than not that

_____

[1] Guevara also points to a 2016 incident when a taxi driver deviated from his route before ultimately delivering Guevara's wife safely to her intended destination. However, he articulates no connection between this event and his current claim that he faces persecution for witnessing a gang murder in 2021.

he or she would be tortured if removed to the proposed country of removal." *Kumar v. Garland*, 110 F.4th 1149, 1159 (9th Cir. 2024) (first quoting *Sharma*, 9 F.4th at 1067; and then quoting 8 C.F.R. § 208.16(c)(2)). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.18(a)(1)). As discussed above, substantial evidence supports the conclusion that Guevara neither faced past violence from gang members nor had an objectively reasonable fear of future persecution, much less a particularized risk of torture, from gang members. Guevara's general evidence about the Salvadoran government's inability to stop gang violence does not suffice to establish that he specifically faced a likelihood of torture. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("[P]olice ineffectiveness is not enough to establish an entitlement to [CAT] relief, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations.") (citation omitted). The record does not compel the conclusion that it is more likely than not that Guevara would be tortured if he returned to El Salvador.

**PETITION DENIED.**[2]

---

[2] Guevara's motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.